**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| LAURA M. JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:11-cv-826 CMH/TCB |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) | |
| and | ) ) | |
| CAPITAL ONE BANK (USA), N.A. | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED
COMPLAINT AS TO CAPITAL ONE BANK (USA), N.A. PURSUANT TO FED. R. CIV.
PROC. 12(b)(1) OR 12(b)(6) OR, IN THE ALTERNATIVE, FOR PERMISSIVE
ABSTENTION PENDING OUTCOME OF BANKRUPTCY COURT PROCEEDING**

Defendant Capital One Bank (USA), N.A. ("Capital One"), by counsel, sets forth the

following as its Memorandum of Law in Support of Motion to Dismiss the Amended Complaint

as to Capital One Bank (USA), N.A. Pursuant to Fed. R. Civ. Proc. 12(b)(1) or 12(b)(6) or, in the

alternative, for Permissive Abstention Pending Outcome of Bankruptcy Court Proceeding and in

support thereof states as follows:.

**I.     Preliminary Statement**

In her amended Complaint (the "Complaint), Laura M. Jones ("Jones") claims that

Capital One violated the Fair Credit Reporting Act,15 U.S.C. § 1681 *et seq.* (the "FCRA"), in

**HUNTON & WILLIAMS LLP**
Tara L. Elgie, Va. Bar No. 48259
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219
(804) 788-8200

connection with its reporting of amounts that were due and owing to Capital One in connection with a credit card account ending in 4319 (the "Account") opened prior to the Jones' most recent bankruptcy case, filed on June 4, 2009. The Complaint should be dismissed for lack of subject matter jurisdiction based on the "first-filed doctrine" because it is based on the same underlying facts and business transactions as a prior motion for contempt prosecuted by Jones against Capital One in her bankruptcy case. The Bankruptcy Court conducted an evidentiary hearing on Jones' motion for contempt on September 8, 2011, and took the matter under advisement. Less than two weeks after the evidentiary hearing in Bankruptcy Court, Jones amended the Complaint in this action and now raises the very same factual allegations against Capital One, seeking to re-litigate her claims in this Court -- this time in the context of a claim that Capital One failed to investigate alleged inaccuracies on her credit report in violation of section 1681s-2(b) of the FCRA. The Bankruptcy Court has exercised jurisdiction over Jones' claims and this lawsuit should be dismissed in order to preserve the primacy of the first suit filed in Bankruptcy Court. Alternatively, the Court should exercise its discretion to abstain from hearing Jones' FCRA claim as it relates to Capital One pending a ruling by the Bankruptcy Court.

## II.  Statement of Facts

To support her claims against Capital One, Jones has alleged the following facts, which must be taken as true only in consideration of the Motion to Dismiss:

1.  Jones filed a voluntary petition in bankruptcy under chapter 13 of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), commencing Case No. 09-14499-SSM (the "Bankruptcy Case"). Complaint at ¶ 8, Jones v. Capital One Bank (U.S.A.) N.A. et al., No. 1:11-cv-826 CMH/TCB (E.D. Va. Aug. 4, 2011)

2.  On August 4, 2009, Capital One filed a general, unsecured claim, which was

assigned Proof of Claim No. 6-1 (the "Claim"), in the amount of $2,997.28. The Debtor did not dispute the Claim.

3.     On January 15, 2011, the Bankruptcy Court entered an Order confirming (the "Confirmation Order") Jones' Amended Chapter 13 plan (the "Amended Plan"). <u>See</u> Order Confirming Chapter 13 Plan, <u>In re Jones</u>, No. 09-14499-BFK (Bankr. E.D. Va. Jan. 15, 2010); (Compl. ¶ 11.)

4.     The Amended Plan provides for an estimated distribution to non-priority, unsecured creditors of 0%. (Compl. ¶ 16.)

5.     Jones' Amended Plan included a provision purporting to direct how creditors should report debts to credit reporting agencies post-confirmation. It reads as follows:

> D. If a creditor reports to the consumer reporting agencies the receipt and timeliness of the payments on any debt dealt with in this plan, then the claim as altered by the confirmed plan, rather than the original loan agreement, should form the basis for the report.

Amended Chapter 13 Plan at Section 11(D), <u>In re Jones</u>, No. 09-14499-BFK (Bankr. E.D. Va. Nov. 17, 2009)

6.     On May 25, 2011, Jones filed the *Debtor's Motion [to] Show Cause Why Capital One Should Not be Held in Contempt for Violation of the Confirmation Order,* commencing a contested matter in the Bankruptcy Case (the "Contempt Motion").

7.     In the Contempt Motion, Jones sought to recover actual and punitive damages and attorneys fees from Capital One, alleging that Capital One willfully violated section 11(D) of the Amended Plan when it reported the status of the debt to Capital One as "Petition for Chapter 13 Bankruptcy. $2,786 written off. $2,997 past due as of Apr 2011." Motion for Contempt, <u>In re Jones</u>, No. 09-14499-BFK (Bankr. E.D. Va. May 25, 2011).

8.     Jones makes this same allegation in her Complaint in this Court. (Compl. ¶ 24.)

9.      Jones claimed in a memorandum of law in support of the Contempt Motion that Capital One was in violation of the Confirmation Order because it did not report the "current balance" as the "Chapter 13 plan balance" and the "Scheduled Monthly Payment" as the "Chapter 13 plan payment amount" and the "Past Due" amount as "Zero." Contempt Motion at 4.

10.     Jones claims that Capital One's reporting was inaccurate when in May 2011, it reported a balance of $2,926, as of April 12, 2011. (Compl. ¶ 40.)

11.     Jones claims that Capital One's reporting was inaccurate when in June 2011, it reported "the payment history as stopping before the bankruptcy filing of June 2009, but still showed a recent balance of $2,888 and status with 'Petition for Chapter 13 Bankruptcy. $2,889 past due as of Jun 2011.'" (Compl. ¶ 50.)

12.     Jones claims that the Automated Consumer Dispute Verification ("ACDV") form sent to Capital One stated that "BAL AND PAYMENTS SHOULD REFLECT MY BK PLAN AND PAST DUE SHOULD BE 0." (Compl. ¶ 33.)

13.     Jones alleges that she sent Capital One a dispute letter on July 20, 2011.

14.     On July 25, Capital One sent Jones a letter informing her that "your Bankruptcy is being reported accurately as petition Chapter 13." (Compl. ¶ 45.)

15.     On July 27, Capital One sent Jones a letter informing her that "[b]ased on our investigation of your records, we believe that our original determination is correct." (Compl. ¶ 46.)

16.     Jones claims that neither the July 25 nor the July 27 letter acknowledge any inquiry beyond Capital One's own records in connection with its investigation. (Compl. ¶ 87.)

17.     Jones alleges that Capital One failed to conduct an adequate investigation into

Jones' records.  (Compl. ¶ 77.)

18.     Jones alleges in the alternative that Capital One failed to report to consumer reporting agencies that disputed information from a consumer's file was incomplete or inaccurate.  (Compl. ¶ 89.)

19.     Jones seeks actual, statutory and punitive damages and attorneys fees for alleged violations of 15 U.S.C. §§ 1681s-2(b) and 1681s-2(b)(1)(D) pursuant to 15 U.S.C. §§ 1681n and 1681o.

20.     On September 8, 2011, the Bankruptcy Court conducted an evidentiary hearing on Jones' allegations that Capital One willfully violated the Confirmation Order and took the matter under advisement.

21.     On September 19, 2011, Jones filed an Amended Complaint in this action, naming Capital One as an additional defendant.

### III.     <u>Argument</u>

Jones' FCRA claim against Capital One should be dismissed because Jones filed a prior action in the Bankruptcy Court based on the same facts and allegations that she alleges in this case.  The Bankruptcy Court conducted an evidentiary hearing on September 8, 2011, and took the matter under advisement.  This Court should recognize the "first-filed doctrine" and dismiss the pending action, without prejudice, pending a ruling by the Bankruptcy Court on Jones' Contempt Motion.  Alternatively, the Court should exercise its discretion to abstain from hearing this case pending a ruling by the Bankruptcy Court.

**A.     Jones' Amended Complaint Should be Dismissed as to Capital One Pursuant to the "First-Filed Doctrine."**

The "first-filed doctrine" governs the determination of which case to dismiss where there is competing litigation.  Under this doctrine, where there are two competing lawsuits courts will

"[give] priority to the first suit absent showing of a balance of the convenience in favor of the second." Learning Network v. Discovery Communications, Inc., 11 Fed. Appx. 297, 301 (4th Cir. 2001) (recognizing rule adopted by the Second Circuit in Mattel, Inc., v. Louis Marx & Co., 353 F.2d 421, 423 (2d Cir. 1965)); see also, Kellen Co. v. Calphalon Corp., 54 Supp. 2d 218 (S.D.N.Y. 1999) (citing Adams v. Jacobs, 950 F.2d 89, 91 (2d Cir. 1991); First City Nat'l Bank and Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The purpose of the first-filed rule is to "advance judicial economy, protect the plaintiff's choice of forum and avoid duplicative litigation." Kellen, 54 F. Supp. 2d at 221. It also protects parties from the considerable expense and potential for inconsistent judgments that duplicative litigation entails and deters the parties' race to the courthouse and forum shopping. Id.; Learning Network, 11 Fed. Appx. at 301.

In this case, the plaintiff is the same in both actions. Courts have cautioned against making exceptions to the first-filed rule in such cases because doing so would encourage forum shopping or judge shopping. Kellen, 54 F. Supp. 2d at 223 (citing Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197, 1203-04 (2d Cir. 1970)). In Semmes, the plaintiff proposed to dismiss the first lawsuit and proceed only in the second lawsuit commenced in a different forum. The Court observed that such a situation puts the defendant in "a Hobson's choice of either going along with this ploy by agreeing to dismissal of the first action if the plaintiff is willing or having to defend two lawsuits at the same time." Id. 429 F.2d at 1203. As a result, when the same party is plaintiff in both actions, "the instances where the second court should go forward despite the protests of a party to the first action where full justice can be done, should be rare indeed." Id.

There are no special circumstances present in this case that warrant an exception to the first-filed rule. The Complaint filed in this court, while arising under a different federal statute, is effectively a duplicate of the claims filed in the Bankruptcy Court. Jones' claims in both the

Motion for Contempt and in the Complaint arise from her contention that once the Confirmation Order was entered, when Capital One reports to the Credit Reporting Agencies, "the balance should be the plan balance, the payment should be the plan payment and the amount past due should be zero." (Compl. ¶ 31); Memorandum in Support of Motion for Contempt at 4, In re Jones, No. 09-14499-BFK (Bankr. E.D. Va. Jun. 7, 2011).

In the Bankruptcy Case, Jones alleged that Capital One should be held in contempt as a result of its reporting of the Account. Similarly, in this action, Jones seeks a determination that Capital One violated the FCRA as a result of its reporting of the account and subsequent investigation when she disputed whether this reporting was proper. These two actions involve the same issues, the same parties, and seek damages arising from the same alleged transgression -- the manner in which Jones' Account was reported post-confirmation. The Bankruptcy Court has previously conducted a full evidentiary hearing on these issues and has taken the matter under advisement.

At the evidentiary hearing on this case, Jones presented expert testimony as to what she believed was the "industry standard" for post-confirmation credit reporting and the damages that she claimed she sustained as a result of the manner in which her Account was reported. In opposition to the claims, Capital One presented testimony as to the manner in which the Account was reported and the investigation that it conducted upon learning of the Confirmation Order and receipt of Jones' ACDV.

Jones chose to pursue her claims in Bankruptcy Court in the context of a Motion for Contempt, rather than litigating an FCRA claim. Jones now asks this Court to duplicate the work already done by the Bankruptcy Court to determine a case involving the same issues and the same parties. Jones' efforts for a "hedge" should not be permitted. Accordingly, Jones' FCRA

claim against Capital One should be dismissed, without prejudice, pending a ruling by the Bankruptcy Court.

**B.     The Court Should Abstain from Hearing Jones' FCRA Claim Pending Resolution of the Contempt Motion.**

     **1.     Dismissal of Jones' Duplicative Federal Action is Appropriate Under Colorado River Abstention.**

Alternatively, the Court should exercise its discretion to abstain from hearing Jones' FCRA Claim as it relates to Capital One, pending resolution of her parallel claim in Bankruptcy Court.   When parallel litigation is pending in two federal district courts, the general principle is to avoid duplicative litigation. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (citing Kerotest Mfg. Co. v. C-O-Two Fire Equiment Co., 342 U.S. 180, 183 (1952)); Great Am. Ins. Co. v. Gross, 468 F.3d 199, 206-207.  (4th Cir. 2006).  The Fourth Circuit has adopted this general policy against concurrent federal litigation, "permitting dismissal of a *duplicative* federal action when 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favors abstention." Chase Brexton Health Servs. Inc. v. Maryland, 411 F.3d 457, 463 (4th Cir. 2005) (emphasis in original) (quoting Colorado River, 424 U.S. at 817).  As the appellate court reasoned in Kerotest, "[w]hy should there be two litigations where one will suffice?"  Kerotest, 342 U.S. at 183.

In this case the litigation is duplicative.  The parties to both actions are the same[1] and, as set forth in more detail above, the issues and evidence to be presented are the same.  The Plaintiff makes the same complaints about the manner in which her Account was reported to the credit

---

[1] Nothing in this Motion prevents the Plaintiff from proceeding against Experian in this pending action.

bureaus both under the FCRA and in connection with the Contempt Motion. The Bankruptcy Court has already exercised jurisdiction over the pending litigation and has conducted an evidentiary hearing that, when decided, will have preclusive effect on this litigation. Therefore, an exercise of jurisdiction by this Court will result in piecemeal litigation. The Plaintiff chose to commence her litigation in the Bankruptcy Court; once adjudicated, the Bankruptcy Court's decision will bind the parties in both cases. Abstention in this case is appropriate to avoid duplicative federal litigation and conserve judicial resources.

## 2. Alternatively, Abstention is Appropriate Under 28 U.S.C. § 1334(c).

Moreover, a district court may abstain from hearing a proceeding arising under title 11 or arising in or related to a case under title 11 "in the interest of justice.[2]" 28 U.S.C. § 1334(c)(1). When reviewing whether to abstain from adjudicating parallel litigation commenced in both a federal and state forum under section 1334(c), courts balance several factors, including:

> (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial.

MSO Properties, LLC v. Harris (In re Harris), No. 10-34430-DOT, 2010 WL 3780862 at *2 (Bankr. E.D. Va. Sept. 21, 2010) (attached as Exhibit A); Kepley Broscious, PLC v. Ahearn (In

---

[2] Although Capital One argued that the Bankruptcy Court lacked jurisdiction to consider Jones' claims, which were in essence claims brought under the FCRA, the Bankruptcy Court ruled against Capital One on that argument, and exercised jurisdiction over those claims.

re Ahearn), 318 B.R. 638, 644 (Bankr. E.D. Va. 2003) (internal citation omitted). Abstention is appropriate in this case because Jones' FCRA claim will require the same parties to litigate substantially the same issues already litigated in the Bankruptcy Court. Although the state-federal considerations are not relevant in this case, abstention is appropriate where, as here, the Bankruptcy Court has already exercised jurisdiction over Jones' claims, presumably based on the conclusion that they impact administration of the bankruptcy estate. As a result, factors (3), the economical use of judicial resources, (4), the effect of remand on the administration of the bankruptcy estate, and (5), the relatedness or remoteness of the action to the bankruptcy case, weigh in favor of abstention. Similarly, factors (7), comity considerations, and (8), any prejudice to the involuntarily removed parties, weigh in favor of abstention. Comity considerations favor deference to the Bankruptcy Court's ruling on the Contempt Motion, and abstention presents no prejudice to Jones, who has already litigated her case in Bankruptcy Court. Similarly, factors (10), the possibility of inconsistent results, and (11), any expertise of the court where the action originated, weigh in favor of abstention. By litigating Jones' case a second time in this Court, Capital One is faced with the potential that it will get one ruling in Bankruptcy Court as to the manner in which it reported Jones' Account and a different ruling in this Court on that same issue. Such an inconsistent result could put Capital One in the untenable position of having to choose whether to comply with a Bankruptcy Court order as it relates to the manner of reporting a chapter 13 Debtor's Account or whether to comply with this Court's interpretation of the FCRA on that issue. The last factor also weighs in favor of abstention. Jones waived her right to a jury trial on the question of Capital One's reporting of the Account when she commenced her action in the Bankruptcy Court.

Accordingly, Capital One respectfully requests that this Court exercise its discretion to

abstain from hearing Jones' FCRA claim as it relates to Capital One and stay this proceeding pending a ruling from the Bankruptcy Court on her Contempt Motion.

## IV.    <u>Conclusion</u>

For the reasons set forth above, Capital One Bank (USA), N.A. respectfully requests that the Court grant its Motion to Dismiss the Complaint or, in the alternative, for Permissive Abstention Pending Outcome of the Bankruptcy Proceeding and for any such further relief as the Court deems appropriate.

Dated:  October 7, 2011

Respectfully submitted,
CAPITAL ONE BANK (USA), N.A.

By:  */s/ Tara L. Elgie*
Tara L. Elgie, Va. Bar No. 48259
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219
Phone: (804) 788-8200
Email: telgie@hunton.com

-AND-

Jarrett L. Hale
Texas State Bar No. 24046005
**Hunton & Williams LLP**
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Phone: 214-979-3000
Facsimile: 214-880-0011
Email: jhale@hunton.com
*Counsel for Capital One Bank (USA), N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October 2011, I will electronically file the foregoing *Memorandum of Law in Support of Motion to Dismiss Amended Complaint as to Capital One Bank (USA), N.A. Pursuant to Fed. R. Civ. Proc. 12(b)(1) or 12(b)(6)* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all registered users.

I further certify that on this 7th day of October 2011, I will mail a true and correct copy of the foregoing *Memorandum of Law in Support of Motion to Dismiss Amended Complaint as to Capital One Bank (USA), N.A. Pursuant to Fed. R. Civ. Proc. 12(b)(1) or 12(b)(6)* by U.S. Mail, postage prepaid to the following:

> Robert R. Weed, Esq.
> Law Offices of Robert Weed
> 7900 Sudley Road, Suite 409
> Manassas, VA 20109
> Telephone: (703) 335-7793
> Facsimile: (703) 369-2696
>
> Brian P. McMorrow, Esq.
> Law Offices of Robert Weed
> 7900 Sudley Road, Suite 409
> Manassas, VA 20109
> Telephone: (703) 335-7793
> Facsimile: (703) 369-2696
>
> *Counsel for Plaintiff, Laura M. Jones*
>
> /s/ Tara L. Elgie
> Tara L. Elgie, Va. Bar No. 48259
> HUNTON & WILLIAMS LLP
> Riverfront Plaza, East Tower
> 951 E. Byrd Street
> Richmond, VA 23219
> (804) 788-8200
> telgie@hunton.com
> *Counsel for Capital One Bank (USA), N.A.*

- 12 -