**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

Laura M. Jones,

              **Plaintiff,**                **CASE NO.: 1:11-CV-826 CMH/TCB**

v.

Experian Information Solutions, Inc., et al.

              **Defendants.**


**BRIEF IN SUPPORT OF**
**<u>CAPITAL ONE BANK (USA), N.A.'s MOTION FOR SUMMARY JUDGMENT</u>**

Tara L. Elgie, Va. Bar No. 48259
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219
(804) 788-8200
telgie@hunton.com
*Counsel for Capital One Bank (USA), N.A.*

TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................ii

1.   PRELIMINARY STATEMENT ................................................................ 1

2.   STATEMENT OF UNDISPUTED MATERIAL FACTS ............................... 2

3.   STANDARD OF REVIEW ....................................................................... 8

4.   ARGUMENT .......................................................................................... 8

     A.   Plaintiff's Claims are Barred by the Doctrine of Res Judicata. ............ 8

     B.   Plaintiff Cannot Demonstrate A Causal Relationship Between Capital
          One's Allegedly Unreasonable Investigation and the Failure to Discover
          an Inaccuracy. ................................................................................... 12

          1.   Jones Has No Evidence of Factual Inaccuracies on Her Credit
               Reports ................................................................................... 14

               a.   Jones is the Obligor on the Capital One Account ....................... 14

               b.   Jones' Credit Reports Reflect Her Performance on the
                    Account. ...................................................................... 15

               c.   Jones' Credit Reports Identify the Appropriate Consumer.......... 17

     C.   Plaintiff Cannot Demonstrate that Capital One Failed to Conduct a
          Reasonable Investigation. ................................................................. 18

     D.   Jones Cannot Recover Damages Under Either 15 U.S.C. § 1681n or
          § 1681o. ........................................................................................... 20

          1.   Capital One Did Not Willfully Violate § 1681s-2b ................................. 20

          2.   Section § 1681o is Inapplicable Because Jones Cannot Establish
               that Capital One's Allegedly Inadequate Investigation Was the
               Proximate Cause of Any Damages ........................................... 21

CONCLUSION................................................................................................ 24

# TABLE OF AUTHORITIES

## CASES

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986) ........................................................................................... 8

Burns v. Bank of America,
  655 F.Supp.2d 240 (S.D.N.Y. 2008) ................................................................. 22

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986) ........................................................................................... 9

Chiang v. Verizon New England, Inc.,
  595 F.3d 26 (1st Cir. 2010) ......................................................... 12, 13, 14, 18, 19

Edeh v. Midland Credit Management, Inc.,
  748 F.Supp.2d 1030 (D. Minn. 2010) .......................................................... 12, 14

Harnett v. Billman,
  800 F.2d 1308 (4th Cir. 1986) ....................................................................... 9, 10

In re Dalton v. Capital Associated Industries, Inc.,
  257 F.3d 409 (4th Cir. 2001) ........................................................................ 14, 21

In re Jones,
  2011 Bankr. LEXIS 4083 at *8 (Bankr. E.D. Va. Oct. 21, 2011) ........................ 2, 16, 17, 20

In re Jones,
  No. 09-14499-BFK, 2011 U.S. Dist. LEXIS 28896 (Bankr. E.D. Va. Oct. 21,
  2011) ................................................................................................................. 4

Johnson v. MBNA,
  357 F.3d 426 (4th Cir. 2004) ............................................................................. 18

Knussman v. Maryland,
  272 F.3d 625, 640 (4th Cir. 2001) ..................................................................... 24

Kumar v. The Republic of Sudan,
  2011 U.S. Dist. LEXIS 109216 .......................................................................... 9

Laurel Sand & Gravel,
  519 F.3d at 162) ........................................................................................... 10, 11

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
  475 U.S. 574 (1986) ........................................................................................... 8

McKinney v. Bd. of Trustees of Maryland Cmty. Coll.,
  955 F.2d 924 (4th Cir. 1992) .............................................................................. 8

Pittston Co. v. United States,
   199 F.3d 694 (4th Cir. 1999) .............................................................................. 9

Price v. City of Charlotte,
   93 F.3d 1241 (4th Cir. 1996) ............................................................................ 23

Saunders v. Branch Banking & Trust Co. of Va.,
   526 F.3d 142 (4th Cir. 2008) ............................................................................ 14

Sloan v. Equifax Infor Servs.,
   510 F.3d 495 (4th Cir. 2007) ...................................................................... 23, 24

## STATUTES

11 U.S.C. § 101-1532 ............................................................................................. 2

11 U.S.C. § 1328(a) .............................................................................................. 17

11 U.S.C. § 1328(f) ............................................................................................... 17

11 U.S.C. § 502(a) ................................................................................................ 15

15 U.S.C. § 1681o ................................................................................................. 22

15 U.S.C. § 1681s-2(b) ........................................................................ 2, 11, 13, 21, 24

15 U.S.C. §1681n ................................................................................................. 21

## 1.   <u>PRELIMINARY STATEMENT</u>

At issue in this case is whether Capital One failed to conduct a reasonable investigation under the Fair Credit Reporting Act ("<u>FCRA</u>") when it relied on its own investigative process, which verified data about the plaintiff Laura M. Jones' (the "<u>Plaintiff</u>" or "<u>Jones</u>") account contained in its systems of record and updated its reporting of Plaintiff's account using that data, but did not consult a Consumer Data Industry Association ("<u>CDIA</u>") reference guide as part of its investigation.  This case involves the reporting of a Capital One credit card account ending in 4319 (the "<u>Account</u>") that is included in the Plaintiff's chapter 13 bankruptcy case.  There is no dispute that Jones is the obligor on the Account.  There is no allegation that Jones was the victim of identify theft or any other fraud in connection with the Account.  There is no dispute that Jones owed Capital One $2,997.28 on that Account as of her petition date.  There is no dispute that Jones has made payments on the Account under her confirmed chapter 13 plan and that Capital One applied those payments to her Account, which resulted in a declining balance on the Plaintiff's credit report to reflect these payments, both in the "recent balance" and in the "past due" field.  Jones has not received a discharge in her bankruptcy case.

The only dispute in this case is a legal one -- whether Capital One has an obligation under 15 U.S.C. § 1681s-2(b) to consult the CDIA Credit Reporting Resource Guide as part of its investigation of an account included in confirmed chapter 13 plan.  The Bankruptcy Court addressed this issue in the context of Jones' motion seeking to hold Capital One in contempt for violating her chapter 13 plan, and found no authority to support a conclusion "that the [CDIA] Resource Guide constitutes a national, legally enforceable standard for the reporting of debts in a Chapter 13 case."  <u>In re Jones</u>, 2011 Bankr. LEXIS 4083 at *8 (Bankr. E.D. Va. Oct. 21, 2011).

Jones' case against Capital One should be dismissed because there is no legal authority to support her conclusion that Capital One's investigation was unreasonable.

## 2.   STATEMENT OF UNDISPUTED MATERIAL FACTS

### The Bankruptcy Cases

1.      On September 10, 1996, Jones f/k/a Laura M. Anderson f/k/a Laura M. Nunez filed a voluntary petition in bankruptcy under chapter 7 of the Bankruptcy Code codified at 11 U.S.C. § 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Bankruptcy Court").  See No. 96-14915-SSM.

2.      On December 10, 2003, Jones filed a voluntary petition in bankruptcy under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division.  See No. 03-15562-SSM.

3.      On June 4, 2009 (the "Petition Date"), Jones filed a voluntary petition in bankruptcy under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division.  See No. 09-14499-BFK (the "2009 Bankruptcy Case").

4.      On August 4, 2009, Capital One filed a general unsecured claim in the 2009 Bankruptcy Case, which was assigned Proof of Claim No. 6-1 (the "Claim"), in the amount of $2,997.28.  Ex. 1.

5.      The Plaintiff did not file an objection to Capital One's Claim.  Ex. 2, Jones Dep. Jan. 2, 2012, at 20:20-22.

6.      On November 17, 2009, the Plaintiff filed her fourth Amended Chapter 13 plan of reorganization (the "Chapter 13 Plan").  Ex. 3.  The Chapter 13 Plan estimated that holders of unsecured non-priority claims, such as Capital One, would receive a 0% distribution under the plan.  Id. at p. 3 of 6.

7.     On January 15, 2010, the Bankruptcy Court entered an Order (the "<u>Confirmation Order</u>") confirming the Chapter 13 Plan.  <u>See</u> No. 09-14499-BFK, D.I. 40.

8.     After the Confirmation Order was entered, Jones obtained a loan modification from her secured creditor and as a result had additional funds available for distribution to holders of unsecured claims, including Capital One.  Ex. 4, Trial Tr. Sept. 8, 2011, at 26:5-15.

9.     Notwithstanding the estimated 0% distribution to unsecured non-priority creditors, Capital One has received eight distributions under the Chapter 13 Plan, as follows:

(a)     April 12, 2011:[1]        $71.16
(b)     May 12, 2011:            $15.77
(c)     June 13, 2011:           $20.52
(d)     July 12, 2011:           $38.09
(e)     October 13, 2011:        $42.36
(f)     November 11, 2011:       $18.54
(g)     December 13, 2011:       $18.30
(h)     January 13, 2012:        $18.28

Ex. 5, Aff. A. Myers.  The Plaintiff's plan payments, however, are not memorialized in any document filed in connection with the 2009 Bankruptcy Case nor are they consistent in either amount or frequency making it impossible to determine the total dollar amount Capital One will ultimately receive.

10.     Jones has not completed her Chapter 13 Plan payments and has not received a discharge.  Jones' 2009 bankruptcy case is still pending.  Ex. 2, (Jones Dep. Jan. 2, 2012) at 8:13-22, 9:1-6.

11.     On May 25, 2011, Jones filed in the Bankruptcy Court a Motion to Show Cause Why Capital One Should Not be Held in Contempt for Violation of the Confirmation Order (the "<u>Motion for Contempt</u>").  Ex. 6, No. 09-14499-BFK, D.I. 72.

12.     On June 7, 2011, Jones filed in the Bankruptcy Court a Memorandum in Support of her Motion for Contempt.  Ex. 7, No. 09-14499-BFK, D.I. 74

13.     On September 8, 2011, the Bankruptcy Court held an evidentiary hearing on Jones' Motion for Contempt and took the matter under advisement.  No. 09-14499-BFK, D.I. 132.

14.     On October 21, 2011, the Bankruptcy Court issued a memorandum opinion denying the Motion for Contempt (the "Memorandum Opinion").  Ex. 8, In re Jones, No. 09-14499-BFK, 2011 U.S. Dist. LEXIS 28896 (Bankr. E.D. Va. Oct. 21, 2011).

15.     On October 21, 2011, the Bankruptcy Court entered a final order denying the Motion for Contempt (the "Final Order", collectively with the Memorandum Opinion, the "October 21 Ruling").  Ex. 9, No. 09-14499-BFK, D.I. 144.

16.     Jones did not appeal the Final Order.  See generally, No. 09-14499-BFK.

**The Credit Reports**

17.     On April 14, 2011, the Plaintiff requested and obtained a copy of her credit report (the "April Report") from Experian Information Solutions, Inc. ("Experian"), a credit reporting agency.  Ex. 10.  The April Report contained the following information:

(a)     The Plaintiff filed a chapter 7 bankruptcy petition on December 10, 2003 and received her chapter 7 discharge on March 15, 2004.  Ex. 10 at p. 2.

(b)     The Plaintiff filed a chapter 13 bankruptcy petition on June 4, 2009.  Id.

(c)     Apple Federal Credit Union account showing "Recent Balance" of $5,460 as of March 2011.  Id. at p. 2 of 25.

---

[1] These dates reflect the date the payment was processed by Capital One and loaded into the "Debt Manager" system that provides the basis for reporting to the credit bureaus.  See Ex. 5, Aff. A. Myers.

(d)     Capital One Auto Finance[2] account showing "past due" as of March 2011 in the amount of $6,674.00 and a "recent balance" of $6,674.00 as of March 2011.  Id. at p. 4 of 25.

(e)     Capital One's Account showing "[p]etition for Chapter 13 Bankruptcy, $2,786 written off, $2,997 past due as of Apr 2011" and "recent balance" of $2,997 as of April 2011.  Id. at p. 3-4 of 25.

(f)     Ocwen Loan Servicing account showing "past due" as of February 2011, in the amount of $42,223.00 and a "recent balance" of $360,156 as of February 2011.  Id. at p. 7 of 25.

(g)     Verizon Wireless account showing "past due" as of January 2011, in the amount of $1,240.00 and a "recent balance" of $1,240 as of January 2011.  Id. at p. 8 of 25.

(h)     West Asset Management account showing "past due" as of March 2011, in the amount of $825.00 and a recent balance of $825 as of March 2011.  Id. at p. 10 of 25.

18.     On June 7, 2011, the Plaintiff mailed a letter to Experian asking Experian to investigate the debts listed on her April Report as being owed to Apple Federal Credit Union, Capital One Auto Finance, and Capital One.  Am. Compl. Ex. 7.

19.     On June 17, 2011, Experian transmitted to Capital One through the e-Oscar system an automated consumer dispute verification (the "ACDV"), with an FCRA Relevant Information field reflecting "BAL AND PAYMENTS SHOULD REFLECT MY BK PLAN BAL AND PAST DUE SHOULD BE 0."  Am. Compl. Ex. 8.

20.     On June 18, 2011, Capital One responded to the ACDV providing Experian with updated information reflecting, "Balance $2888," "Amount Past Due $2889," "Original charge-

---

[2] An entity separate and distinct from Capital One Bank USA (N.A.).

off amount $0.00." The ACDV continued to reflect the status as "BK13PET/CHARGE OFF." Id.

21. On June 25, 2011, the Plaintiff obtained another credit report from Experian (the "June Report"). In the June Report, Experian reported the Capital One Account as "Petition for Chapter 13 Bankruptcy. $0 written off. $2,889 past due as of Jun 2011" and the "Recent Balance" as $2,888 as of June 2011. Ex. 11 at p. 3.

22. On July 8, 2011, the Plaintiff obtained another credit report from Experian (the "July Report"). In the July Report, Experian reported the Capital One Account as "Petition for Chapter 13 Bankruptcy. $0 written off. $2,889 past due as of Jun 2011" and the "Recent Balance" as $2,888 as of June 2011. Ex. 12 at p. 3.

23. On July 20, 2011, Jones sent a letter addressed to Experian, with a copy to Capital One, disputing the reporting of various creditor accounts and stating as to the Capital One account that "the Recent Balance should be $0, and there should be no amount listed as Past Due in the status, since the account is in bankruptcy." Am. Compl. at Ex. 11.

24. On July 25, 2011, Capital One sent a letter to the Plaintiff stating that it had "verified that the information on your credit report matches the information in our records." The letter goes on to state "[o]ur records indicate that your Bankruptcy is being reported accurately as petition Chapter 13." Am. Compl. at Ex. 12. Capital One stated "[i]f you still believe we've supplied incorrect information to the credit reporting agencies, please send us a copy of any documentation that supports this . . . ." Id.

25. On July 27, 2011, Capital One sent a letter to the Plaintiff stating that it had "verified that the information on your credit report matches the information in our records." Am. Compl. at Ex. 13. Capital One stated further "[w]e have reviewed our records and found that we

previously responded to your request on July 25, 2011.  Based on our investigation of your records, we believe that our original determination is correct."  Id.  Again, Capital One stated "[i]f you still believe we've supplied incorrect information to the credit reporting agencies, please send us a copy of any documentation that supports this . . . ."  Id.

26.     On August 2, 2011, Experian sent the Plaintiff two more credit reports.  Both credit reports list the debt owed to Capital One as having a past due amount of $2,889.00.  Am. Compl. at Ex. 14 & 15.

27.     As to each Experian credit report described above as Ex. 10, 11, 12 and Am. Compl. Ex. 14, 15,  the only information that Jones alleges is inaccurate as it relates to the Account is that it shows a "recent balance" other than $0 and shows a "past due balance" other than $0.  Ex. 13, Jones Int. Resp. No. 17.

**Damages**

28.     Jones has not received any medical treatment nor incurred any medical expenses for any alleged humiliation, emotional distress, embarrassment and/or mental and emotional pain or similar injury.  Id. at Resp. Nos. 4 and 5.

29.     Jones has no documentary evidence that she has incurred any actual damages.  Ex. 14, Jones Resp. to Req. No. 21.

30.     Jones contends that she has "been denied credit several times, including at least three different car dealerships."  Ex. 13, Jones Int. Resp. 10.  Each of these alleged car dealership denials occurred on either April 25 or April 27, 2011.

31.     Jones has no documentary evidence that she has incurred any damages associated with humiliation, emotional distress, embarrassment and/or mental and emotional pain or similar injury as a result of any action or inaction by Capital One.  Ex. 14, Jones Resp. to Req. No. 22.

### 3. <u>STANDARD OF REVIEW</u>

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>see</u> <u>also</u>, <u>McKinney v. Bd. of Trustees of Maryland Cmty. Coll.</u>, 955 F.2d 924, 928 (4th Cir. 1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not necessary to clarify the application of the law.") (citations omitted). For the evidence to present a "genuine" issue of material fact, it must be "such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 243 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing there is a genuine issue for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

### 4. <u>ARGUMENT</u>

A. <u>Plaintiff's Claims are Barred by the Doctrine of Res Judicata.</u>

The doctrine of res judicata bars a party from relitigating a claim that was decided or could have been decided in an original suit. <u>Laurel Sand & Gravel, Inc. v. Wilson</u>, 519 F.3d 156 (4th Cir. 2008). This case involves questions of the effect and scope of a prior federal court order involving a federal question. Application of res judicata rules in this case do not involve questions of state law; therefore, federal rules of decision apply to the effect of the Bankruptcy Court's order. <u>Harnett v. Billman</u>, 800 F.2d 1308, 1313 (4th Cir. 1986). In the Fourth Circuit,

the doctrine of res judicata bars a party from bringing a suit where (i) there was a final judgment on the merits in a prior suit, (ii) the parties are identical, or in privity, in the two actions, and (iii) both suits arise under the same cause of action. Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999). This case satisfies all three elements.

On October 21, 2011, the Bankruptcy Court issued the Final Order denying the Plaintiff's claims, following an evidentiary hearing on the merits. See No. 09-14499-BFK, D.I. 144. There is privity in both suits because both Jones and Capital One were parties to the Bankruptcy Court action. For purposes of res judicata, causes of action are identical where they "arise out of the same transaction or series of transactions as the claim resolved by the prior judgment." Harnett, 800 F.2d at 1313. The term "transaction" in the context of claim preclusion "connotes a natural grouping or common nucleus of operative facts." Pittston, 199 F.3d at 704 (internal citations omitted). "Newly articulated claims based on the same transactional nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." Kumar v. The Republic of Sudan, 2011 U.S. Dist. LEXIS 109216, *30 (quoting Laurel Sand & Gravel, 519 F.3d at 162). The rules of merger and bar will apply to a claim if it existed at the time of the former judgment. Harnett, 800 F.3d at 1313.

A review of the pleadings reveals that the claim resolved by the Bankruptcy Court is based on the same series of transactions as the claim pending in this case. In the Motion for Contempt, the Plaintiff argued that Capital One was in violation of Jones' confirmed Chapter 13 Plan because an Experian credit report dated April 14, 2011 reported the status of the debt to Capital One as "Petition for Chapter 13 Bankruptcy $2,786 written off. $2,997 past due as of Apr 2011." Ex. 6 (Motion for Contempt at ¶¶ 7-8). Jones argued that Capital One was in violation of the Chapter 13 Plan, claiming that the CDIA resource guide governed the manner in

which post-confirmation chapter 13 debt should be reported.  Ex. 7 (Memo in Support of Motion for Contempt at p. 3).  Specifically, Jones argued that "[w]hen a plan is confirmed the current balance reported should be the 'Chapter 13 plan balance' and the 'Scheduled Monthly Payment' should be reported as the 'Chapter 13 plan payment amount.' And the Past Due amount should be 'Zero.'" Id. at pp. 3-4.  Jones relied on the CDIA Frequently Asked Questions No. 27 and 28 (the "FAQs") in support of this conclusion.  Id. at n. 8 & Ex.1.  Jones urged the Bankruptcy Court to find Capital One in contempt and impose sanctions in the form of general damages.  Id. at p. 4.

These same transactions form the basis for Jones' FCRA claim.  Jones alleges in her complaint that "Experian included the Capital One credit card account . . . in Jones' credit report as 'Petition for Chapter 13 Bankruptcy,' but [the credit report] also contained '$2,997 past due as of Apr 2011.'" Am. Compl. at ¶ 24.  Jones contends that she disputed this reporting to Experian, who "sent Capital One an Automated Consumer Dispute Verification (ACDV) form stating 'BAL AND PAYMENTS SHOULD REFLECT MY BK PLAN AND PAST DUE SHOULD BE 0.'" Am. Compl. at ¶ 33, Ex. 8.  Jones alleges that the CDIA FAQs "state that the reported current balance should be the Chapter 13 balance, based on the Chapter 13 plan."  Am. Compl. at ¶ 63, Ex. 16.  Jones alleges that Capital One violated 15 U.S.C. § 1681s-2(b) and failed to conduct an adequate investigation into Jones' records because neither of the letters it sent to Jones on July 25 or July 27 "acknowledge any inquiry beyond Capital One's own records." Am. Compl. at ¶ 87, 88.  Jones claims in answer to interrogatories that Capital One "did not conduct an actual searching inquiry into the merits of Jones' dispute" because it "ignored Jones' letters and the CDIA guidelines for proper credit reporting." Ex. 13, Jones Int. Resp. No. 12.

In both cases, Jones argues that Capital One improperly reported her debt because its manner of reporting is different from the manner suggested by the CDIA resource guide.  The Bankruptcy Court rejected this argument in Jones' prior suit.

The purpose of res judicata is to "protect litigants from the burden of relitigating an identical issue with the same party or his privy and to promote judicial economy by preventing needless litigation."  Laurel Sand & Gravel, Inc. v. Wilson, 519 F. 3d at 161-62.  The issues raised in this case arise out of the very same transactions that have already been litigated in the Bankruptcy Court.  This conclusion is supported by the Bankruptcy Court's trial record.  At trial on the Contempt Motion, Jones admitted into evidence many of the same documents that form the basis for her FCRA claim.  See Ex. 4 Tr. Sept. 8, 2011 at p. 59:23-24 (admitting excerpts from the CDIA reference guide dated December 2009, which is the same document attached as Am. Comp. at Ex. 16); Id. at 34:5 (admitting June 7, 2011 letter to Experian, which is the same document as Am. Comp. Ex. 7); Id. at p. 22:7 (admitting ACDV dated June 17, 2011, letters dated July 25 and 27, 2011, from Capital One to Jones, which are the same as Am. Compl. Ex. 8, 11, and 12, respectively); Id. at 36:4-6 (admitting Experian Credit Report for Laura Jones, dated July 8, 2011, an excerpt of which included at Am. Comp. Ex. 10).

The Bankruptcy Court held an evidentiary hearing on the Plaintiff's Motion for Contempt on September 8, 2011 and took the matter under advisement.  See No. 09-14499-BFK, D.I. 132. Having considered the evidence, the Bankruptcy Court issued its Memorandum Opinion (Ex. 8) and Final Order Denying Plaintiff's Motion for Contempt (Ex. 9) on October 21, 2011.   The Plaintiff did not appeal the Bankruptcy Court's ruling.  Instead, she amended the Complaint filed in this court against Experian and added Capital One as a party defendant, claiming that it failed to conduct a reasonable investigation of her June 2011 dispute under § 1681s-2(b) because it did

not consult the CDIA reference guide as part of its investigation.  This FCRA claim existed as of October 21, 2011, when the Bankruptcy Court issued its Order and arises from the same set of transactions considered by the Bankruptcy Court.  It is therefore barred by res judicata and Jones' Complaint should be dismissed with prejudice.

**B.**     **Plaintiff Cannot Demonstrate A Causal Relationship Between Capital One's Allegedly Unreasonable Investigation and the Failure to Discover an Inaccuracy.**

Even if Plaintiff's claims survive the October 21 Ruling, they should be dismissed as a matter of law because Jones can demonstrate no causal connection between Capital One's investigation and the failure to discover an inaccuracy.  In order to state a claim under § 1681s-2(b), Jones must show actual inaccuracies that Capital One's objectively reasonable investigation would have been able to discover.  Chiang v. Verizon New England, Inc., 595 F.3d 26, 29-30 (1st Cir. 2010); Edeh v. Midland Credit Management, Inc., 748 F.Supp.2d 1030, 1039 (D. Minn. 2010) (sustaining objection to Magistrate Judge's report and recommendation and adopting the holding of Chiang in granting motion for summary judgment in favor of Midland because plaintiff could not show that the information about his debt that was verified by the creditor was inaccurate.), aff'd, 413 Fed. Appx. 925 (8th Cir. 2011).

In Chiang, the plaintiff alleged that he was billed for telephone service he did not order. Chiang, 595 F.3d at 29.  He sued Verizon New England, Inc. ("Verizon NE") under 15 U.S.C. § 1681s-2(b) alleging that it is a furnisher of information and failed to adequately investigate disputes about the furnished information reported to it by the consumer reporting agencies ("CRAs").  At issue in the FCRA dispute were certain accounts with Verizon NE that were reflected by CRAs as delinquent.  Id. at 32.  Chiang sent demand letters to the CRAs demanding that they remove the disputed information from the account or list it as disputed.  Id.  The CRAs

notified Verizon NE, through its agent, of the dispute.  Id.  In total, Verizon NE received and responded to twelve inquiries over six months about the accuracy of Chiang's reported credit information.  Id. at 32-33.  Those disputes reflected variously that Chiang " 'claims inaccurate information,' 'claims paid the original creditor before collection status or paid before charge-off,' 'consumer disputes the balance of this account and states account is in state and federal lawsuits,' 'claims this account was never paid late . . . .'' Id. at 33.

Verizon NE filed a motion for summary judgment on the FCRA claims and prevailed. Id. at 33.  The First Circuit affirmed, holding that "Chiang's failure to demonstrate actual inaccuracies in the furnished information that a reasonable investigation could have discovered is a separate, sufficient basis for summary judgment."  Id. at 38-39.  In reaching this conclusion, the First Circuit noted that the term "investigation" is not defined by the FCRA, but reasoned that the term is "meant to determine if the disputed information is 'incomplete or inaccurate.' Mere incompleteness, however, is not enough; the incompleteness must be such as to make the furnished information misleading in a material sense."  Id. at 37 (citing Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 148 (4th Cir. 2008)).  The plaintiff has the burden of showing that investigation was unreasonable.  The reasonableness of an investigation is determined using an objective standard.  Id. at 37.  See also, In re Dalton v. Capital Associated Industries, Inc., 257 F.3d 409, 416 (4th Cir. 2001) (interpreting § 1681e(b) and applying the traditional rule imposing the burden of proof on the plaintiff when the statute is silent as to who bears the burden).

The intent and purpose of the FCRA is to protect consumers against the compilation and dissemination of inaccurate credit information; therefore, if the furnisher conducts an investigation that "results in verification of the completeness and accuracy of the challenged

information, and the challenged information *is*, in fact, complete and accurate, then . . . § 1681s-2(b) has not been violated.  Edeh v. Midland Credit Management, Inc., 748 F.Supp.2d at 1040 (citing Chiang, 595 F.3d at 37-38) (emphasis in original).  The First Circuit held that in order to carry this burden, the plaintiff must demonstrate some causal relationship between the furnisher's allegedly unreasonable investigation and the failure to discover inaccuracies.  Chiang, 595 F.3d at 37-38.  Practical considerations also guided the First Circuit's reasoning.  "[I]t is difficult to see how a plaintiff could prevail on a claim for damages based on an unreasonable investigation of disputed data without a showing that the disputed information was, in fact, inaccurate."  Id. at 38.  (internal quotations omitted).  The First Circuit clarified that in a suit against a furnisher, the "plaintiff's required showing is *factual* inaccuracy, rather than the existence of disputed legal questions."  Id. (emphasis in original).

### 1.      Jones Has No Evidence of Factual Inaccuracies on Her Credit Reports

In this case Jones has provided no evidence that her credit report contains inaccurate information.

> Accuracy means that information a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer correctly:
>
> > (1) reflects the terms of and liability for the account or other relationship;
>
> > (2) reflects the consumer's performance and other conduct with respect to the account or other relationship; and
>
> > (3) identifies the appropriate consumer.

16 C.F.R. § 660.2(a).

### a.      Jones is the Obligor on the Capital One Account

Jones does not dispute that she is the obligor on the Account with Capital One and that as of the Petition Date, she had an outstanding obligation to Capital One in connection with that

Account.  On August 4, 2009, Capital One filed a proof of claim (the "Claim") in the Plaintiff's bankruptcy case, claiming that Jones had a pre-petition arrearage of $2,997.28.  Ex. 1. Jones filed no objection to that Claim; therefore, it was deemed allowed. 11 U.S.C. § 502(a).  Thus, Jones does not dispute that as of the Petition Date, she owed Capital One $2,997.28 on the Account. See also Ex. 2 Jones Dep. at 21:1-3.

           b.      Jones' Credit Reports Reflect Her Performance on the Account.

The Plaintiff's credit reports accurately reflect Jones' performance on the Account. There is no dispute that each of the credit reports reflects that Jones has filed a petition for Chapter 13 Bankruptcy.  Ex. 10-12, Am. Compl. Ex. 14, 15.  The Plaintiff's Chapter 13 Plan estimated that holders of unsecured non-priority claims, such as Capital One, would receive a 0% distribution under the plan.  Ex. 3. at p. 3 of 6.   Contrary to that estimate, Capital One has received eight distributions under the Chapter 13 Plan, as follows:

| | | |
|---|---|---|
| (a) | April 12, 2011: | $71.16 |
| (b) | May 12, 2011: | $15.77 |
| (c) | June 13, 2011: | $20.52 |
| (d) | July 12, 2011: | $38.09 |
| (e) | October 13, 2011: | $42.36 |
| (f) | November 11, 2011: | $18.54 |
| (g) | December 13, 2011: | $18.30 |
| (h) | January 13, 2012: | $18.28 |

Ex. 5 Aff. A. Myers at ¶ 9.  The Plaintiff does not dispute that each time Capital One receives a distribution from the Chapter 13 Trustee, it is reflected in Capital One's systems of record, which reduced amount is reported to the credit reporting agencies in the ordinary course of business and reflected on the consumer credit report in the "recent balance" and "past due balance" fields.[3] Compare e.g., Ex. 10 (credit report dated April 14, 2011) showing the "recent balance" and "past

---

[3]      Capital One provides data to the credit reporting agencies once per month, on the first Saturday of each month.  Accordingly, if a payment is processed after the first Saturday of a

due" as $2997 <u>with</u> Ex. 11 (credit report dated June 25, 2011) showing the "recent balance" as $2,888 and the "past due" of $2,889, as of June 2011.  Accordingly, as Capital One receives distributions on the Account through Jones' chapter 13 plan payments, it reflects those payments in the form of a declining balance on the credit report.

The Plaintiff urges this court to conclude that the Plaintiff's credit report should reflect the "current balance" as the Chapter 13 Plan balance, which she argues is $0 based on the Chapter 13 plan estimate.  <u>See</u> Ex. 13 (Jones Int. Resp. No. 17); Am. Compl. Ex. 11 (Jones Ltr. July 20, 2011); Am. Compl. at Ex. 8 (ACDV).  The Plaintiff also contends that the "past due" amount should be zero upon confirmation of the Chapter 13 Plan.  This is a legal conclusion and, as a matter of bankruptcy law, is incorrect.  The Plaintiff's only authority for her legal conclusion that the "current balance" should be the Chapter 13 Plan balance and the "past due" amount should be zero is the CDIA FAQ.  This guidance document is not a legally enforceable standard for the reporting of debts in a chapter 13 bankruptcy case.  <u>In re Jones</u>, 2011 Bankr. LEXIS 4083 at * 8.   An eligible chapter 13 debtor does not receive a discharge until she completes all payments under the chapter 13 plan.  11 U.S.C. § 1328(a).  Some chapter 13 bankruptcy debtors are ineligible to receive a discharge.  <u>See</u> <u>e.g.,</u> 11 U.S.C. § 1328(f).  Moreover, the Bankruptcy Court has already rejected Plaintiff's argument as to Capital One's reporting of the "recent balance" and "past due" fields, stating:

> [T]his plan is a 'pot plan,' in which creditors are paid a *pro rata* amount of their claims based on the Plaintiff's disposable income. As originally contemplated, the Plaintiff's Amended Plan provided for an estimated zero payment to the unsecured creditors. However, because the Plaintiff was able to refinance her home and had additional available income, the Chapter 13 Trustee later began to make payments to the creditors on a monthly basis. How

given month, then in might not be reflected in the credit report until the following month.  See Ex. 5 at ¶ 12.

> Capital One or the other creditors could *ever* know what they were going to receive in a pot plan, and to report to the CRA's accurately, is a mystery.
>
> At bottom, the Plaintiff is seeking to have the Capital One debt reported as being discharged upon the confirmation of her Amended Plan, prior to her discharge. This is inconsistent with the Code itself, which provides that the Plaintiff shall receive a discharge only upon completion of her plan payments . . . .

In re Jones, 2011 Bankr. LEXIS 4083 at *12 (emphasis in original).

The credit reports reflect the undisputed pre-petition arrearage on the Capital One Account, less any payments made on Capital One's Claim through her Chapter 13 Plan. Therefore, Capital One's reporting of Jones' debt accurately reflects her performance on the Account.

c.     <u>Jones' Credit Reports Identify the Appropriate Consumer</u>

The last element of "accuracy" requires that Capital One provide the consumer reporting agency information about the "appropriate consumer." Jones concedes that she is an obligor on the Account and was the only person obligated to make payments on the Account. Ex. 2 (Jones Dep. at 19:8-13, 16-22). Jones does not allege or otherwise contend that she has been the victim of identity theft. <u>Id.</u> at 31:13-16. Accordingly, it is undisputed that Capital One accurately reports Jones as the appropriate consumer obligated on this Account.

Because Plaintiff cannot demonstrate that there is a factual inaccuracy in the reporting of her Account, Jones cannot satisfy her burden of demonstrating a causal relationship between Capital One's allegedly inadequate investigation and the alleged failure to discover an inaccuracy in her Account. Accordingly, summary judgment in this case is appropriate and the Plaintiff's claims against Capital One should be dismissed, with prejudice.

17

C.   **Plaintiff Cannot Demonstrate that Capital One Failed to Conduct a Reasonable Investigation.**

Capital One should be awarded summary judgment because Jones cannot meet her burden of proving that Capital One failed to conduct a reasonable investigation.   Under applicable Fourth Circuit law, a furnisher must conduct a "reasonable investigation" of its records to determine whether the disputed information can be verified.   Johnson v. MBNA, 357 F.3d 426, 431 (4th Cir. 2004).   The goal of this system is to give consumers a way to dispute and, ultimately correct, inaccurate information.   Id.   Jones has no evidence that Capital One failed to conduct a reasonable investigation.

The central inquiry when assessing a consumer's claim that the investigation was not reasonable is "whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute."   Chiang, 595 F.3d at 38.   In this case, the ACDV transmitted by Experian stated in the "FCRA Relevant Information" field: "BAL AND PAYMENTS SHOULD REFLECT MY BK PLAN AND PAST DUE SHOULD BE ZERO."   Am. Compl. Ex. 8 (ACDV).   There is no dispute that Capital One timely responded to the ACDV and made changes to the "recent balance" and "past due" fields on the ACDV.   Id.   There is no dispute that Capital One timely responded letters sent by Jones directly to Capital One   See e.g., Am. Compl. Ex. 12 & 13; Ex. 2 (Jones Dep. at 43:2:22, 44:1:19) (conceding that Capital One responded to her requests for investigation on July 25 and July 27, 2011).   Instead, Jones claims Capital One's investigation was unreasonable simply because "[n]either of its letters of July 25 or 27th acknowledged any inquiry beyond Capital One's own records."   Am. Compl. at ¶ 87, 88.

Jones' argument ignores the undisputed fact that in responding to the June 2011 ACDV, Capital One researched its systems of record and updated both the "balance" and "past due"

fields on the ACDV to reflect the payments received by Capital One as a result of distributions from Jones' chapter 13 plan in April, May, and June 2011. Am. Compl. at Ex. 8 (ACDV) (changing past due and balance from $2997 to $2889) and Ex. 5 Aff. A Myers (reflecting total payments in April May and June 2011 of $107.45). Notwithstanding Capital One's update to her account, which reflected the payments made between the April 2011 credit report that Jones was disputing and the June 18, 2011 ACDV, Jones still claims that the reporting on her Account is inaccurate based on her legal conclusion that upon plan confirmation (as opposed to discharge), her "past due" balance should be reported as zero.

Jones' answers to interrogatories reveal that she believes Capital One's investigation was inadequate because it did not consult the CDIA guidelines as part of its investigation of the dispute. Ex. 13 (Jones Int. Resp. No. 12). Ultimately, Jones is seeking a ruling that failure to consult the CDIA guidelines when investigating a dispute as to the reporting of chapter 13 debt constitutes a per se violation of § 1681s-2(b). Such an argument is unavailing.

The ACDV governs the scope of a furnisher's investigation. Chiang, 595 F.3d at 38. Plaintiff argues that Capital One's investigation was unreasonable because it failed to go outside its systems of record and its standardized procedures for credit reporting to consult the FAQs portion of a non-binding guidance document. Ex. 13 (Jones Int. Resp. No. 12). The resource Jones argues Capital One should have consulted was not specifically referenced in the ACDV provided to Capital One. Am. Compl. Ex. 8. Capital One's letters to Jones dated July 25 and 27, 2011 state "If you still believe we've supplied incorrect information to the credit reporting agencies, please send us a copy of the documentation that supports this . . . ." Am. Compl. Ex. 12 & 13 (July 25, 25 letters). No such documentation was provided by Jones. Moreover, Evan Hendricks -- Jones' proposed expert in this case and the expert she proffered in the bankruptcy

case -- acknowledged to the Bankruptcy Court that the CDIA FAQ relied on by Jones is not routinely followed by creditors in the industry.  In response to the Bankruptcy Court's question as to whether the CDIA FAQ "was in fact being employed by the majority of credit card issuers, and whether Capital One could be seen as recalcitrant or an outlier in the industry, Mr. Hendricks candidly testified that it was a 'mixed bag' [--] some credit card issuers followed this standard, some didn't."  Jones, 2011 LEXIS 4083 at *8.

Capital One's investigation was guided by the ACDV and included a full analysis of its internal systems of record which produced an updated accounting of Jones' recent balance, past due balance, and charge off amount, to reflect chapter 13 plan payments actually received on the Account since the report Jones disputed.  As set forth above, there is no factual dispute that Capital One continues to update the recent balance and past due balance to reflect the sporadic payments received on account of Jones' chapter 13 plan.  No amount of investigation by Capital One would support Jones' incorrect legal conclusion that her current balance and past due amounts are zero upon plan confirmation.

**D.**      **Jones Cannot Recover Damages Under Either 15 U.S.C. § 1681n or § 1681o.**

**1.**      **Capital One Did Not Willfully Violate § 1681s-2b**

Jones' claim to recover damages against Capital One under 15 U.S.C. §1681n because the undisputed facts demonstrate no willful or reckless violation of 15 U.S.C. § 1681s-2b.   In order to demonstrate such a claim, Jones must present evidence that Capital One knowingly and intentionally committed an act in conscious disregard" of her rights under the FCRA.  Dalton, 257 F.3d at 418.  Moreover, Capital One's reporting on Jones' account was not objectively unreasonable and, therefore, cannot form a basis for a willful violation of the FCRA.  Safeco Ins. Co. v. Burr, 551 U.S. 47, 69-70, 127 S. Ct. 2201, 2215-16 (2007) (finding no violation of the FCRA where Safeco's misreading of the statute was not reckless).  Jones' evidence that Capital

One acted willfully is wholly lacking.  Jones claims in answers to interrogatories that ask for facts supporting a claim for willfulness that "[d]espite multiple notices in letters Capital One refused or was unable to correctly report debts included in Plaintiff's ongoing Chapter 13 bankruptcy.  This is reflected in multiple letters to Experian and Experian credit reports and disclosures after July 2011."  Ex. 13 at Int. Resp. No. 8.  But, as set forth above, both Capital One's reporting of Jones' debt and its investigation into her dispute were objectively reasonable.  The undisputed facts are clear that Capital One did not ignore Jones' ACDV or letters.  In response to each, Capital One investigated its internal systems of record which confirmed that Jones was in chapter 13 bankruptcy and produced an updated accounting of Jones' recent balance, past due balance, and charge off amount, to reflect chapter 13 plan payments actually received on the Account since the report Jones disputed.

Because Capital One's investigation and manner of reporting the Account were reasonable, Jones cannot support a claim for a willful violation under 15 U.S.C. § 1681n and summary judgment on that issue is appropriate.

**2.     Section § 1681o is Inapplicable Because Jones Cannot Establish that Capital One's Allegedly Inadequate Investigation Was the Proximate Cause of Any Damages**

Summary judgment on Plaintiff's claim for damages under 15 U.S.C. § 1681o is appropriate in this case because Jones has no evidence to establish a causal connection between Capital One's allegedly inadequate investigation and any loss of credit or other actual damages.  Burns v. Bank of America, 655 F.Supp.2d 240, 250 (S.D.N.Y. 2008) ("to obtain an award of actual damages under the FCRA, Plaintiffs must present evidence of a causal relation between the violation of the statue and the loss of credit, or some other harm.")  Jones claims that "she was denied credit several times, including at least three different car dealerships."  Ex. 13 (Jones Int. Resp. No. 10).  Each of these alleged credit denials was in April -- before Jones disputed the

reporting on her account.  Ex. 15 (Hendricks Dep. at 50:16-22.   Capital One had no duty to investigate prior to the June 2011 ACDV and Jones, therefore, cannot demonstrate a causal link between Capital One's allegedly unreasonable investigation and any denial of credit that occurred in April 2011.

Moreover, the Plaintiff's Complaint, her dispute letters, and her credit reports all make clear that Capital One was not the only creditor reporting a "recent balance" or "past due" balance on her accounts.  See e.g., Am. Compl. ¶ 21 ("Several of Jones' creditors had continued to report past due balances and continuing late payment histories after the bankruptcy"), Ex. 10 at pp. 2-10 (April 14, 2011 credit report) (showing six creditors reflecting "past due" and/or "recent balance" amounts other than $0.) Thus, Jones has no evidence that any denial of credit she suffered in April 2011 was caused by Capital One's manner of reporting, and not reporting by other creditors, her three bankruptcy filings, or some other factor.

Last, to the extent that Jones is seeking to recover damages for alleged emotional distress, she cannot substantiate such a claim.  The Fourth Circuit has observed that "not only is emotional distress fraught with vagueness and speculation, it is easily susceptible to fictitious and trivial claims."  Sloan v. Equifax Infor Servs., 510 F.3d 495, 503 (4th Cir. 2007) (quoting Price v. City of Charlotte, 93 F.3d 1241, 1250 (4th Cir. 1996) (reversing award of compensatory damages based on emotional distress)).   As a result, though courts will permit a plaintiff's testimony to support an emotional distress award, the plaintiff must "reasonably and sufficiently explain the circumstances of the injury and not resort to mere conclusory statements."  Id.  In other words, to support such a claim, the plaintiff's testimony must sufficiently articulate true demonstrable emotional distress and that such emotional distress resulted from the alleged violation.  Price, 93 F.3d. at 1254.

Jones has no such evidence, whether testimonial or otherwise.   When asked in interrogatories to describe any "humiliation, emotional distress, embarrassment and/or other mental and emotional pain or similar injury that you contend you have suffered as a result of Capital One's actions or inactions," Jones answered simply "[p]laintiff has suffered humiliation of credit rejections . . . ."  Ex. 13 (Jones Int. Resp. 3).   In response to discovery requests, Jones produced no evidence that she had received any medical treatment, or incurred any medical expenses related to any alleged emotional distress, humiliation, embarrassment and/or any other emotional pain or similar injury.  Id. (Jones Int. Resp. 5, 6).   In deposition Jones was asked whether she was claiming emotional damages:

> Q:      Are you claiming that you've suffered emotional damages of any kind.?"
> A:      I mean, no.  I'm okay.  I'm upset and stressed  I'm upset to have to sit here with you and continue this . . .
> Q:      But you're not claiming any emotional damages?
> A:      I don't think so, no, but if you want to know, yes, I am stressed.

Ex. 2 (Jones Dep. 39:8-22, 40:3).

Such conclusory statements do not articulate demonstrable emotional distress.   Courts reviewing emotional distress awards on appeal look to several factors, including (1) the factual context in which the emotional distress arose, (2) evidence corroborating the testimony of the plaintiff, (3) the nexus between the conduct of the defendant and the emotional distress, (4) the degree of such mental distress, (5) any mitigating circumstances, (6) physical injuries suffered due to emotional distress, (7) medical attention resulting from the emotional distress, (8) psychiatric or psychological treatment, and (9) the loss of income, if any.  Sloan, 510 F.3d at 503 (citing Knussman v. Maryland, 272 F.3d 625, 640 (4th Cir. 2001) (vacating jury's excessive award where evidence)).   Jones' conclusory statement that she is "upset and stressed" cannot

support an award of damages for emotional distress under the standard articulated by the Fourth Circuit.

Because the Plaintiff cannot demonstrate that she has suffered any damages caused by Capital One's reporting on her account, the complaint should be dismissed, with prejudice.

## **CONCLUSION**

Summary judgment is appropriate on Jones' claim that Capital One failed to conduct a reasonable investigation under 15 U.S.C. § 1681s-2(b).  This FCRA claim existed at the time she filed her Motion to Compel in the Bankruptcy Court and Jones chose not to bring it.  Having chosen her form of relief, Jones cannot seek another bite at the apple now that the Bankruptcy Court has rejected her claim.  Moreover, Jones cannot satisfy a threshold requirement of a claim under § 1681s-2(b), which requires some evidence of a factual inaccuracy in the report.  Without a factual inaccuracy, Jones cannot demonstrate the required causal connection between Capital One's allegedly inadequate investigation and the alleged failure to discover an inaccuracy on her account.  Furthermore, Jones has no evidence that Capital One's investigation was unreasonable. Her only claim is that Capital One should have consulted the CDIA reference guide.  The Bankruptcy Court previously concluded that this document is not a legally enforceable national standard for the reporting of chapter 13 debts.  Therefore, Capital One's failure to consult it should not support a finding that its investigation was unreasonable per se.  Last, Jones has suffered no damages caused by Capital One's allegedly unreasonable reporting.

For these reasons, Jones cannot support a claim that Capital One violated § 1681s-2(b) and her claims against Capital One should be dismissed, with prejudice.

Dated:  February 8, 2012                    Respectfully submitted,
                                            CAPITAL ONE BANK (USA), N.A.


                                            By: */s/ Tara L. Elgie*
                                            Tara L. Elgie, Va. Bar No. 48259

HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219
(804) 788-8200
telgie@hunton.com

  -AND-

Jarrett L. Hale
Texas State Bar No. 24046005
**Hunton & Williams LLP**
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202-2799
Phone: 214-979-3000
Facsimile: 214-880-0011
Email: jhale@hunton.com
*Counsel for Capital One Bank (USA), N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2012, I will electronically file the foregoing *Brief in Support of Capital One Bank (USA), N.A. Motion for Summary Judgment* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all registered users.

I further certify that on this 8th day of February 2012, I will mail a true and correct copy of the foregoing *Brief in Support of Capital One Bank (USA), N.A. Motion for Summary Judgment* by U.S. Mail, postage prepaid to the following:

> Robert R. Weed, Esq.
> Law Offices of Robert Weed
> 7900 Sudley Road, Suite 409
> Manassas, VA 20109
> Telephone: (703) 335-7793
> Facsimile: (703) 369-2696
>
> Brian P. McMorrow, Esq.
> Law Offices of Robert Weed
> 7900 Sudley Road, Suite 409
> Manassas, VA 20109
> Telephone: (703) 335-7793
> Facsimile: (703) 369-2696
>
> *Counsel for Plaintiff, Laura M. Jones*

> */s/  Tara L. Elgie*_____
>   Tara L. Elgie, Va. Bar No. 48259
>   HUNTON & WILLIAMS LLP
>   Riverfront Plaza, East Tower
>   951 E. Byrd Street
>   Richmond, VA 23219
>   (804) 788-8200
>   telgie@hunton.com
>   *Counsel for Capital One Bank (USA), N.A.*

26