UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

LAURA M. JONES, )
　) 
　　　　Plaintiff, )
　)
v. ) Civil Action No. 1:11-cv-826
　)
EXPERIAN INFORMATION )
SOLUTIONS, INC., et al., )
　)
　　　　Defendants. )

MEMORANDUM OPINION

This matter comes before the Court on Defendant Capital One Bank (USA), N.A.'s ("Capital One") Motion for Summary Judgment.

This case concerns Plaintiff Laura M. Jones' ("Jones") allegations that Capital One violated 15 U.S.C. § 1681s-2(b)(1)(A) of the Fair Credit Reporting Act ("FCRA") by failing to conduct a reasonable investigation into its continued reporting of disputed information in Jones' credit report subsequent to the confirmation of Jones' Chapter 13 Bankruptcy plan. The issue before the Court is whether a data furnisher's decision to rely on internal records and not consult the Consumer Data Industry Association's 2009 Credit Reporting Resource Guide (the "CDIA Resource Guide") as part of its investigation into a credit reporting dispute subsequent to confirmation of a customer's Chapter 13 plan violates the FCRA's reasonable investigation requirement in § 1681s-2(b)(1)(A).

Plaintiff Laura M. Jones, a natural person and Virginia resident, is a Chapter 13 debtor and included in her bankruptcy, among other creditors, Defendant Capital One. Capital One is a large American-based bank, specializing in credit cards, home loans, auto loans, and other banking products, and is authorized to do business in Virginia. Experian Information Solutions, Inc. ("Experian"),[1] also authorized to do business in Virginia, is one of the three major North American credit bureaus, collecting and reporting financial information on people and businesses, and handling consumer credit disputes.

On June 4, 2009, Jones filed a voluntary petition in bankruptcy under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301 et seq. (2011), seeking to reorganize her finances and become current on her taxes and mortgage arrears. Jones properly included in her bankruptcy, among other general unsecured debts, a credit card with Capital One, owing $2,997, and an auto loan with Capital One Auto Finance, owing $6,674.

On November 17, 2009, Jones filed her Fourth Amended Chapter 13 Plan of Reorganization (the "Chapter 13 Plan"), estimating that holders of general unsecured claims, such as Capital One, would receive a 0% distribution under the plan. On

---

[1] Although Plaintiff Jones initially named Experian a Defendant in this case, Experian was dismissed when the Court entered a Consent Order that dismissed the two Counts asserted against Experian.

January 15, 2010, the Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, entered an Order confirming the Chapter 13 Plan (the "Confirmation Order"). Pursuant to the Confirmation Order, Jones surrendered a 2005 Ford Explorer in full satisfaction of the $6,674 outstanding loan with Capital One Auto Finance.

In February 2011, Jones' car caught on fire while she was driving and was destroyed. Jones applied for and received permission from the Bankruptcy Court to purchase another vehicle. In preparation for the purchase, Jones checked her credit scores and Experian credit report in mid-April 2011. Jones discovered that Capital One, among several other creditors, had continued to report past due balances and continuing late payment histories even after entry of the Confirmation Order. Specifically, Experian reported Jones' Capital One credit card account "$2,997 past due as of Apr 2011" and indicated the account status as "Petition for Chapter 13 Bankruptcy." Experian also reported Jones' Capital One Auto Finance Account, as of March 2011, with a past due balance of $6,674 and similarly showed the account status as "Petition for Chapter 13 Bankruptcy."

Jones eventually secured a car loan by the end of April 2011 through United Auto Credit. However, because her credit scores were negatively affected by Capital One's reporting of

past due accounts with significant balances, among other factors, United Auto Credit required Jones to put down half the value of the car in cash, pay an acquisition fee, and finance the remaining purchase amount with a 25% interest rate.

On May 25, 2011, Jones filed in the Bankruptcy Court a Motion to Show Cause Why Capital One Should Not be Held in Contempt for Violation of the Confirmation Order (the "Motion for Contempt"). Armed with the CDIA Resource Guide, which states that once a plan is confirmed in bankruptcy the amount past due reported by the creditor should be zero, Jones contended that Capital One's continued reporting of past due balances on her credit card and auto accounts was improper given the existence of the Confirmation Order.

Over the summer of 2011, while the Motion for Contempt was pending in Bankruptcy Court, Jones continued to pursue the issue with both Experian and Capital One. On June 7, 2011, Jones requested in a letter that Experian reinvestigate the accounts in her credit file, including her accounts with Capital One and Capital One Auto Finance. Jones' dispute letter also reminded Experian that the "Consumer Data Industry Guidelines, 2009 states that once a plan is confirmed, the balance should be the plan balance, the payment should be the plan payment[,] and the amount past due should be zero."

Accordingly, Experian sent Capital One an Automated Consumer Dispute Verification ("ACDV") form through the e-OSCAR system, a system which permits the credit reporting bureaus and data furnishers to exchange information electronically. The ACDV form stated that "BAL AND PAYMENTS SHOULD REFLECT MY BK PLAN AND PAST DUE SHOULD BE 0." Capital One responded to Experian and reported that the "Original Charge Off Amount" was zero, but that the "Amount Past Due" on Jones credit card account was properly, at that time, $2,889.00.

On July 8, 2011, Jones obtained another copy of her Experian credit report. Although Experian had added a note that Jones "Filed Chapter 13 Bankruptcy on June 25, 2009," Experian continued to report the Capital One accounts were past due and owing as of June 2011. Specifically, the report showed that the Capital One Auto Finance Account was "6,674 past due as of Jun 2011" with a "Recent Balance" of $6,674 as of 06/2011, and that the Capital One credit card account was $2,926 past due as of April 12, 2011.

Jones sent Experian a second dispute letter on July 20, 2011, and also sent copies of this dispute to Capital One. On July 25, 2011, Capital One sent Jones a letter informing her that the "Bankruptcy is being accurately reported as petition Chapter 13." Two days later, Capital One wrote Jones again and concluded that "[b]ased on our investigation of your records, we

believe that our original determination is correct." On August 2, 2011, Experian sent Jones two credit reports, both of which continued to show past due and owing Capital One accounts. Although the nature of the investigation Capital One had undertaken into the reporting of Jones' accounts was unclear, it is now undisputed that Capital One did not consult the CDIA Resource Guide for post-Confirmation Order reporting. Rather, Capital One conducted solely an internal investigation, researching its own systems of record, making slight adjustments to reflect incoming payments, and correspondence with both Experian and Jones.

On September 8, 2011, the Bankruptcy Court held an evidentiary hearing on Jones' Motion for Contempt and, on October 21, 2011, issued a Memorandum Opinion and Final Order denying the Motion for Contempt. The Court found that the CDIA Resource Guide did not constitute a national, legally enforceable standard for the reporting of debts in a Chapter 13 bankruptcy case, and thus Capital One's failure to adhere to the CDIA Resource Guide did not contravene the Confirmation Order and justify a contempt sanction. Judge Kinney further found that the position taken in the CDIA Resource Guide and adopted by Jones—that a debt must be reported at a zero current balance upon entry of the Confirmation Order, prior to her Chapter 13 discharge—was inconsistent with the Chapter 13 discharge

provision in 11 U.S.C. § 1328, and the weight of authority. However, Judge Kinney left open for Jones the possibility of pursuing a remedy under the FCRA by finding that Jones' decision to pursue relief through the Bankruptcy Court did not foreclose the possibility of future proceedings for alternative relief under the FCRA. Therefore, Jones did not appeal this Final Order, bringing instead the instant action before this Court.

Jones timely filed her Amended Complaint against Experian and Capital One on September 19, 2011. In her Amended Complaint, Jones alleges the following Counts: I (Violation of the FCRA by Experian); II (Violation of the FCRA by Experian); and III (Violation of the FCRA by Capital One). Capital One filed a Motion to Dismiss the Amended Complaint, which this Court denied by Order dated November 1, 2011. However, on February 10, 2012, this Court entered the Consent Order filed by Jones and Experian that dismissed Counts I and II against Experian, which dismissed Experian from the case. Capital One now moves the Court for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the remaining FCRA claims in Count III of the Amended Complaint.

The Court will grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. Rule 56 mandates the entry of summary judgment

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court construes all reasonable inferences in favor of the non-moving party when determining whether there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The mere existence of some disputed facts does not merit a trial unless the disputed facts are material to an issue necessary for proper resolution of the case and the quality and quantity of the evidence offered to support a question of fact are adequate to support a jury verdict. Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995).

In this case, there are no material facts in dispute and this case is ripe for summary judgment. Squarely before the Court is whether Capital One engaged in a "reasonable investigation" when it investigated Jones' consumer credit disputes. Jones claims it was unreasonable because, in only conducting an investigation into its own records, Capital One failed to consult the CDIA Resource Guide for post-plan confirmation credit reporting, which suggests to data furnishers that past due balances should be reported as zeros upon notice of Chapter 13 plan confirmation, and thus did not conduct the "reasonable investigation" required by the Fourth Circuit in

Johnson v. MBNA, 357 F.3d 426, 431 (4th Cir. 2004). Jones alleges that Capital One's unreasonable investigation resulted in the wrongful continued reporting of Jones' past due balances with Capital One to the credit bureaus and further impugned her creditworthiness. Down to its essence, Jones effectively asks this Court to conclude that a data furnisher's failure to consult and adhere to the CDIA Resource Guide for post-plan confirmation credit reporting, with reliance only upon its own records, constitutes an unreasonable investigation per se.

The FCRA was passed with the objective of providing consumers with a reliable and systematic way to dispute and, ultimately, correct inaccurate information in credit reports. See Johnson, 357 F.3d at 430-31. To that end, the language of § 1681s-2(b)(1)(A) requires that, upon notice of a dispute, furnishers of credit information "conduct an investigation" regarding the disputed information. 15 U.S.C. § 1681s-2(b)(1)(A). The Fourth Circuit concluded that § 1681s-2(b)(1)(A) also required a data furnisher to ensure that the investigation into a consumer credit dispute was a "reasonable investigation." Johnson, 357 F.3d at 431.

In so doing, the Fourth Circuit infused a qualitative component into the obligation of data furnishers; the threshold being met upon the furnisher conducting a "degree of careful inquiry" or "searching inquiry" into the consumer dispute. Id.

at 430.  Indeed, "[i]t would make little sense to conclude that, in creating a system intended to give consumers a means to dispute [information in credit reports]. . . Congress used the term "investigation" to include superficial, unreasonable inquiries by creditors." Id. at 430-31.  Thus, the Fourth Circuit requirement was to ensure that data furnishers would act with thoroughness, diligence and competence in the handling of consumer credit disputes.

Here, Capital One conducted a "reasonable investigation" upon notice of Jones' dispute.  The record demonstrates that Capital One was actively monitoring Jones' accounts, monitoring incoming payments from Jones, and ensuring that those payments were promptly reflected on Jones' credit report throughout the dispute.  Moreover, Capital One promptly investigated her balances and timely responded to Jones' dispute letters.  It is also undisputed that Capital One investigated its records on Jones and then reinvestigated those same records to ensure that Capital One was accurately reporting Jones presently un-discharged debts.

The foregoing efforts by Capital One do not reflect the superficial and unreasonable actions of data furnishers that the Fourth Circuit was concerned with in Johnson.  Rather, Capital One's efforts reflect its diligence and the careful, searching inquiry to ensure accurate reporting.  The mere fact that

Capital One failed to consult an advisory external source, such as the CDIA Resource Guide, is of no consequence when its investigation otherwise reflects a careful and thorough inquiry into the consumer credit dispute. The simple failure to consult an external source in the investigation of post-plan confirmation credit reporting simply cannot constitute an unreasonable investigation per se within the meaning of § 1681s2-(b)(1)(A).

For the foregoing reasons, Defendant Capital One's Motion for Summary Judgment should be granted.

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
July 16, 2012